UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
NAEEM O. BETZ, ALL RIGHTS RESERVED,
U.C.C. 1-207.7, U.C.C. 1-207.4, U.C.C. 1-308,
U.C.C. 1-103.6, U.C.C. 3-415, Natural Person
IN FULL LIFE, SUI JURIS, IN PROPRIA PERSONA,

                       Plaintiff,

   -against-

CEO – SCOTT MATTE
D/B/A – RJM ACQUISITIONS, LLC
575 Underhill Blvd. Suite 224
Syosset, NY 11791

                      Defendants.
-----------------------------------------------------------------X

12-CV-5946 (SJF)(ETB)

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS RJM ACQUISITIONS LLC AND SCOTT MATTE'S MOTION TO DISMISS AND FOR A STAY OF DISCOVERY

LEWIS BRISBOIS BISGAARD & SMITH LLP
*Attorneys for Defendants RJM Acquisitions LLC and Scott Matte*
77 Water Street, 21st Floor
New York, New York 10005
212-232-1300

4849-9214-3122.1

## PRELIMINARY STATEMENT

Defendants RJM Acquisitions LLC ("RJM") and Scott Matte ("Matte"), by their undersigned attorneys, submit this memorandum of law in support of their motion to dismiss the *Pro Se* Complaint (the "Complaint") pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6), and for a stay of discovery pursuant to FRCP 26(c). As demonstrated below, dismissal is appropriate because the Complaint fails to state any claims for relief. Because it is evident that plaintiff cannot proceed against movants, discovery should be stayed pending the adjudication of this motion.

**The Allegations of Plaintiff's Complaint**

The barebones Complaint consists of a conclusory recital of the elements of a claim for relief under the Fair Credit Reporting Act ("FCRA"). Plaintiff alleges that, on December 9, 2011 and January 9, 2012, RJM conducted a soft pull of plaintiff's credit report from Transunion without a permissible purpose. Plaintiff concludes that RJM willfully, or in the alternative, negligently, violated the FCRA by obtaining plaintiff's consumer report without a permissible purpose. The First Count alleges that RJM willfully violated the FCRA by obtaining plaintiff's consumer report without a permissible purpose. The Second Count alleges that RJM negligently violated the FCRA by obtaining plaintiff's consumer report without a permissible purpose. The Complaint is silent as to any allegations against the individually named defendant Matte. Plaintiff seeks damages of $14,000 for actual or statutory damages, as well as punitive damages, attorneys' fees (although he has no attorney) and costs.

## ARGUMENT

### I. Plaintiff Has Not Stated Any Claims for Relief

To survive a Rule 12(b)(6) motion to dismiss, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." Ruotolo v. City of New York, 514 F.3d 184, 188 (2d Cir.

2008)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)). While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. Twombly, 550 U.S. at 556-57. The Court should dismiss under Rule 12(b)(6) a pleading that lacks any cognizable basis in law. In re NYSE Specialists Sec. Litig., 503 F.3d 89, 95 (2d Cir. 2007)(court may disregard "legal conclusions, deductions or opinions couched as factual allegations"); United States v. Bonanno Organized Crime Family of La Cosa Nostra, 879 F.2d 20, 27 (2d Cir. 1989). The Complaint is glaringly devoid of any factual allegations that support plaintiff's claim that defendants violated the FCRA.

Plaintiff has not stated a claim based on Section 1681b of the FCRA which his Complaint invokes. Under the statute, a plaintiff must allege both that the defendant used or obtained the plaintiff's credit report for an impermissible purpose and that the violation was willful or negligent. 15 U.S.C. §§ 1681b(f), 1681n, 1681o; see, Casella v. Equifax Credit Info. Servs., 56 F.3d 469, 473 (2d Cir. 1995); Advanced Conservation Sys. Inc. v. Long Island Lighting Co., 934 F. Supp. 53, 54 (E.D.N.Y. 1996). Willful noncompliance in the context of the FCRA means that an alleged violator knowingly or recklessly disregarded its obligation to have a permissible purpose to obtain a consumer's credit information. Safeco Ins. Co. of America v. Burr, 551 U.S. 47, 56-60 (2007); *see generally*, 15 U.S.C. 1681n.

Plaintiff fails to provide any factual allegations in support of his assertion in Counts I and II that defendants willfully or negligently obtained his credit report or credit information for an impermissible purpose. Because plaintiff merely talismanically invokes the elements of a claim for relief under the FCRA, the Complaint does not give defendants "fair notice" of both the claims asserted and the grounds upon which they rest in order to enable RJM to answer and identify the nature of the case. Twombly, 550 U.S. at 555.

Miranda v. Miller & Milone, P.C., 12-CV-1782, 2012 U.S. Dist. LEXIS 162928 (E.D.N.Y. Nov. 13, 2012), is on point. There, a *pro se* plaintiff filed an action alleging that the defendant law firm willfully violated 15 U.S.C. § 1681b(f). Plaintiff's complaint consisted of conclusory allegations that defendants willfully violated the FCRA by obtaining his consumer report without permissible purpose. This Court found that such "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." 2012 U.S. Dist. LEXIS at *2 (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Therefore, the Court granted defendant's motion to dismiss because plaintiff provided "absolutely no factual allegations to support [his] conclusion" that defendant violated the FCRA. Id. at *3. The same rationale applies squarely in this case and mandates dismissal under FRCP 12(b)(6).

Count I fails for an additional reason. Plaintiff claims that defendants acted willfully, but he has not pleaded any factual allegations that address defendants' state of mind when they allegedly obtained his credit report. Plaintiff alleges no facts that would establish that defendants knew they had no permissible purpose or recklessly disregarded their obligation to have a permissible purpose to pull plaintiff's credit report. While plaintiff pleads that defendants' conduct in violation of the FCRA was willful, he does so in a wholly conclusory manner. Plaintiff fails to allege any facts which speak to defendants' state of mind when they allegedly obtained his consumer report. Perl v. American Express, 12-CV-4380, 2012 U.S. Dist. LEXIS 94804, *5 (S.D.N.Y. July 9, 2012), is on point. There, the Court dismissed plaintiff's FCRA claim because he failed to allege any facts demonstrating willfulness on the part of defendants or related to defendants' state of mind when they allegedly obtained his credit reports. Similarly here, no remotely plausible FCRA claim has been asserted against movants.

Finally, because defendant Matte is not accused of any actionable conduct and is not provided with fair notice of the claims asserted against him and the grounds upon which they rest, dismissal against him is clearly required. Twombly, 550 U.S. at 555.

## II. Discovery Should be Stayed

Given the patent insufficiency of this pleading as a basis to proceed in this Court, a stay of discovery pursuant to FRCP 26(c) is appropriate. Rule 26(c) provides this Court with the discretion to stay discovery for "good cause." A motion to stay discovery pending the determination of a dispositive motion is an appropriate exercise of a court's discretion. Because the adjudication of the pending motion to dismiss is likely to result in a speedy dismissal, which would obviate the need for costly and time-consuming discovery, movants respectfully submit that a stay of discovery is appropriate pending resolution of this motion. *See generally*, Avnet, Inc. v. American Motorists Ins. Co., 115 F.R.D. 588, 592 (S.D.N.Y. 1987); F.H. Krear & Co. v. 19 Named Trustees, 91 F.R.D. 497, 498 (S.D.N.Y. 1981).

Notably, Plaintiff appears to have made a hobby out of filing suit in federal court alleging FCRA violations within the past year. During 2012, plaintiff filed suit against Cavalry Portfolio Services, LLC and Gino Archer (in which Plaintiff's request for leave to proceed *in forma pauperis* was denied), Leading Edge Recovery Solutions, LLC and Bryan Lubek (this case was transferred to the Northern District of Illinois), Steve Fredrickson (in which Plaintiff's request for leave to proceed *in forma pauperis* was denied), LTD Financial Services, L.P. (this case was transferred to the Southern District of Texas), and Plaza Recovery Inc. and Paul Brennan (this case was transferred to the Southern District of New York) and Tony Michel in the District Court of the District of Columbia (Shapiro Decl. Exhs. B-F). The instant action and the myriad other filings appear to reflect plaintiff's apparent belief that he can bring repetitive, bogus suits in federal court without regard to

the obligations imposed by Rule 11. Under the circumstances, plaintiff should not be permitted the opportunity to take advantage of the liberal discovery typically afforded litigants in federal court.

## CONCLUSION

For the foregoing reasons, it is respectfully submitted that the motion should be granted in its entirety and the Complaint dismissed with prejudice and that discovery should be stayed pending adjudication of the motion.

Dated: New York, New York
February 20, 2013

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____
Peter T. Shapiro, Esq.
*Attorneys for Defendants RJM Acquisitions LLC and Scott Matte*
77 Water Street, Suite 2100
New York, New York 10005
212-232-1300
pshapiro@lbbslaw.com