UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
NAEEM O. BETZ, All Rights Reserved U.C.C. 1-207.4,
U.C.C. 1-308, U.C.C. 1-103.6,
Natural Person In Full Life, Sui Juris, In Propia Persona,

                Plaintiff,

  -against-

SCOTT MATTE, CEO, d/b/a RJM ACQUISITIONS LLC,

                Defendants.
------------------------------------------------------------X

**ORDER**
12-CV-5946 (SJF)(ETB)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ OCT 10 2013 ★

LONG ISLAND OFFICE

FEUERSTEIN, J.

On November 21, 2012, *pro se* plaintiff Naeem Betz ("plaintiff") filed a complaint in the United States District Court of Maryland against RJM Acquisitions LLC ("RJM") and Scott Matte[1] ("defendants") pursuant to the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*. On November 26, 2012, the case was erroneously transferred to the United States District Court for the Northern District Court of Georgia, Atlanta Division. The case was properly transferred to this Court on December 28, 2012. [Docket Entry No. 5]. This Court granted plaintiff's application to proceed *in forma pauperis* on January 8, 2013. [Docket Entry No. 8].

Now before the Court is defendants' motion to dismiss plaintiff's complaint. [Docket Entry Nos. 17-18]. Defendants served their motion to dismiss on plaintiff on February 20, 2013. [Docket Entry No. 18-1]. Plaintiff has not opposed the motion and has not sought an extension of time within which to do so. For the reasons that follow, defendants' unopposed motion to

---

[1] Plaintiff's complaint names as a defendant Scott Matte doing business as RJM Acquisitions, LLC. However, plaintiff's allegations are silent as to defendant Matte and only reference conduct of RJM. Matte and RJM jointly submit the motion to dismiss now before the Court.

dismiss plaintiff's complaint is GRANTED and defendants' request that the Court stay discovery is now moot.

I. Background

The sole factual allegation included in plaintiff's complaint is that "[o]n December 9, 2011, and January 9, 2012 Defendant initiated a soft pull of Plaintiff's credit report from Transunion without permissible purpose." Compl. at ¶ 3. Plaintiff concludes that RJM willfully, or in the alternative, negligently, violated the FCRA by obtaining plaintiff's credit report without a permissible purpose. *Id.* at ¶¶ 5, 8.

II. Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The pleading of specific facts is not required; rather a complaint need only give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

In deciding a motion pursuant to Rule 12(b)(6), the Court must liberally construe the

claims, accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *See McGarry v. Pallito,* 687 F.3d 505, 510 (2d Cir. 2012); *Rescuecom Corp. v. Google Inc.*, 562 F.3d 123, 127 (2d Cir. 2009). However, this tenet "is inapplicable to legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679; *see also Ruston v. Town Bd. for Town of Skaneateles,* 610 F.3d 55, 59 (2d Cir. 2010) ("A court can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth.") (quotations and citations omitted). Nonetheless, a plaintiff is not required to plead "specific evidence or extra facts beyond what is needed to make the claim plausible." *Arista Records, LLC v. Doe 3,* 604 F.3d 110, 120–21 (2d Cir. 2010); *see also Matson v. Bd. of Educ. of City School Dist. of N.Y.*, 631 F.3d 57, 63 (2d Cir. 2011) ("While a complaint need not contain detailed factual allegations, it requires more than an unadorned, the defendant-unlawfully-harmed-me accusation.") (internal quotations and citation omitted).

III. Analysis

To state a claim based on Section 1981b of the FCRA, "a plaintiff must allege both that the defendant used or obtained the plaintiff's credit report for an impermissible purpose and that the violation was willful or negligent." *Perl v. Am. Express*, 12 Civ. 4380, 2012 WL 2711270, at *2 (S.D.N.Y. July 9, 2012) (citations omitted); *see also, e.g., Casella v. Equifax Credit Info. Servs.*, 56 F.3d 469, 473 (2d Cir. 1995). Plaintiff fails to allege any specific facts to support his assertion that defendants pulled his credit report for an impermissible purpose or that defendants acted willfully or negligently. Accordingly, plaintiff's claim based on Section 1981b of the

FCRA fails as a matter of law and is dismissed. *See Miranda v. Miller & Milone, P.C.*, 12 Civ. 1782, 2012 U.S. Dist. LEXIS 162928, at *3 (E.D.N.Y. Nov. 13, 2012) (dismissing *pro se* plaintiff's FCRA claim where plaintiff provided "absolutely no factual allegations to support [his] conclusion" that defendant violated the FCRA). The clerk of court is directed to enter judgment in favor of defendant and close this case.

**SO ORDERED.**

s/ Sandra J. Feuerstein
_____
Sandra J. Feuerstein
United States District Judge

Dated: October 10, 2013
       Central Islip, New York